UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JUDITH K SMYTHE** | **CASE NO. 2:19-CV-01490** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COREY J QUEBEDEAUX ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (Rec. 8) wherein Defendant, Louisiana Department of Public Safety and Corrections (incorrectly named as the "Louisiana Department of Corrections" in the Petition) (hereinafter referred to as "DPSC") moves to dismiss Plaintiff, Judith K. Smythe's claims under 42 U.S.C. § 1983 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

## FACTUAL ALLEGATIONS

Ms. Smythe filed this claim against the Louisiana Department of Corrections, Parole Division and Corey J. Quebedeaux, individually and in his capacity as parole officer pursuant to 42 U.S.C. § 1983 and also under Louisiana Civil Code articles 2315, 2316, 2317 and 2324.[1] Ms. Smythe alleges that on or about October 25, 2018, Defendant Quebedeaux force Smythe to have sex with him. At the time of the incident, Quebedeaux was Smythe's parole officer.[2]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the

---
[1] Petition, ¶ 2, Rec. 1-5.
[2] Id. ¶ 4.

sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

The DPSC moves to dismiss Plaintiff's § 1983 claim because it is not a "person" under 42 U.S.C. § 1983. In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, the Supreme Court held that neither a state nor state officials acting in their official capacities are "persons" within the meaning of § 1983. In her opposition, Smythe concedes that she does not have a claim against the DPSC under 42 U.S.C. § 1983, but that she does have a valid claim pursuant to Louisiana Civil Code article 2320 citing *Latullas v. State*, 658 So.2d 800 (La.App. 1st Cir. 1995). In *Latullas,* the court held that even though ***the state*** could not be held liable under federal civil rights laws, it could be held vicariously liable for the actions of a guard under article 2320.

## CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's § 1983 claims against the DPSC.

**THUS DONE AND SIGNED** in chambers on this 13th day of March, 2020.

                **JAMES D. CAIN, JR.**
           **UNITED STATES DISTRICT JUDGE**